IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LINDA L. KITZMILLER and
RICHARD C. KITZMILLER, her husband,

        Plaintiffs,

v.                                          Case No 2:05-CV-22

JEFFERSON SUPPLY COMPANY,

        Defendant and
        Third-Party Plaintiff,

v.

THE BUTCHER COMPANY,
a Delaware corporation,

        Third-Party Defendant.

## REPORT AND RECOMMENDATION/OPINION

### I. Procedural History

On October 25, 2004, Plaintiffs Linda L. Kitzmiller and Richard C. Kitzmiller ("Plaintiffs) filed a Complaint in the Circuit Court of Grant County, West Virginia, against The Board of Education of Grant County, West Virginia, and The Jefferson Supply Company ("Jefferson"). On January 19, 2005, Plaintiffs filed an Amended Complaint solely against Jefferson. Jefferson was served on February 4, 2005. On March 3, 2005, Jefferson filed its Notice of Removal to the United States District Court for the Northern District of West Virginia. On March 8, 2005, Jefferson filed its Answer to the Amended Complaint and Third-Party Complaint against The Butcher Company ("Butcher). Butcher was served on March 18, 2005. Butcher filed its Answer to the Third-Party Complaint on April 18, 2005 [Docket Entry 9]. That same date Butcher also filed its Motion to

1

Dismiss First-Party Plaintiffs' Amended Complaint and Jefferson Supply Company's Third-Party Complaint [Docket Entry 10]. On May 13, 2005, the Court entered a Scheduling Order, setting a deadline for amended pleadings of May 23, 2005, and a deadline for joinder of parties of July 31, 2005 [Docket Entry 21].

On August 1, 2005, all parties stipulated and agreed that the parties would have through September 30, 2005, to join additional parties and/or to amend the pleading "including, but not limited to, third party claims, cross claims, and/or counterclaims." United States District Judge Robert E. Maxwell signed and entered the "Agreed Order Modifying Paragraph 2 of the Scheduling Order" on August 1, 2005 [Docket Entry 37].

On September 30, 2005, Butcher filed its "Third-Party Counterclaim Against Third-Party Plaintiff The Jefferson Supply Company" [Docket Entry 61].

On October 19, 2005, counsel for Jefferson requested Butcher allow it a ten (10) day extension within which to answer the Counterclaim. (Butcher's Exhibit A). Butcher allowed the ten-day extension, and confirmed in writing that Jefferson would have until October 31, 2005, to Answer its Counterclaim.

On November 1, 2005, Jefferson filed its "Motion to Dismiss Counterclaim Filed by Third-Party Defendant" [Docket Entry 71]. Butcher filed its Response to Jefferson's Motion to Dismiss on November 14, 2005 [Docket Entry73]. This matter is before the undersigned for a Report and Recommendation to the District Judge pursuant to an Order of Referral entered September 19, 2005.

## II. The Parties' Contentions

Jefferson contends Butcher's Counterclaim must be dismissed pursuant to Rule 15(a) of the Federal rules of Civil Procedure, which provides as follows:

2

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

There is no dispute that Butcher filed its Counterclaim more than 20 days after it filed its Answer to the Third-Party Complaint. Jefferson also contends Butcher neither obtained its written consent nor leave of Court to allow its supplemental pleading.

Butcher correctly states that the parties discussed and mutually agreed to extend the deadline to amend the pleadings, as reflected in the Agreed Order. Butcher argues that by so doing, the parties consented to the amendment of pleadings, including counterclaims, through September 30, 2005. Butcher further argues that by entry of the Agreed Order, the Court granted leave to amend the pleadings through September 30, 2005.

Additionally, Butcher argues Jefferson's Motion to dismiss should be stricken because it was filed a day late.

A review of the docket in this matter does indicate that Jefferson's Motion to Dismiss was apparently filed one day late. More importantly, however, the undersigned finds persuasive Butcher's argument that by signing the Agreed Order Jefferson at least implicitly consented to the amendment. The Court's entry of the Agreed Order also at least implicitly granted leave for such amendment. Finally, all procedural arguments aside, the undersigned notes that Rule 15 provides that "leave [to amend] shall be freely given when justice so requires." Because the parties themselves contemplated the potential filing of amended pleadings through September 30, 2005, none of the parties can be heard to complain that the amendment was too late or caused undue hardship.

## III. RECOMMENDATION

For all the above reasons, the undersigned recommends "Jefferson Supply Company's Motion to Dismiss Counterclaim Filed by third-Party Defendant" [Docket Entry 71] be **DENIED**. The undersigned further recommends The Butcher Company's "Counter Motion to Strike" [Docket Entry 73] be **DENIED as MOOT**.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail an authenticated copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 2nd day of December, 2005.

/s *John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE