## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LINDA L. KITZMILLER and
RICHARD C. KITZMILLER, her husband,

        Plaintiffs,

v.                                  Case No 2:05-CV-22

JEFFERSON SUPPLY COMPANY,

        Defendant

## ORDER/OPINION

On the 27th day of June, 2006, Defendant Jefferson Supply Company ("Defendant") filed its "Motion to Exclude Plaintiffs' Witnesses and Exhibits" [Docket Entry 172]. On the 29th day of June, 2006, Plaintiffs Linda Kitzmiller and Richard Kitzmiller ("Plaintiffs") filed their "Response to Defendant's Motion" [Docket Entry 178]. The undersigned finds the Motion is fully briefed and not complex and decides the issue without oral hearing.[1]

Briefly, Defendant argues that, pursuant to the Court's Amended Scheduling Order issued on April 12, 2006, Plaintiffs were required to file their final list of trial witnesses and exhibits on or before May 22, 2006. Defendants correctly assert that Plaintiffs did not do so until June 13, 2006. Defendant then argues: "As a result of the Plaintiffs [sic] failure to comply with the Court's Scheduling Order, this Court should enter an Order striking their trial witnesses and exhibits." (Defendant's Brief at 2).

Plaintiffs argue that five depositions could not be completed by May 22, 2006, and the last deposition was actually finally taken on June 21, 2006. Plaintiffs then argue counsel had concluded

---

[1] This Decision also considers and resolves "Defendant's Objections to Plaintiffs' Witnesses and Exhibits" without prejudice [docket Entry 174].

that service of the final witnesses and exhibits lists would be extended at least until the discovery was completed on June 21, 2006.

Defendant bases its argument primarily on Rule 16(f) of the Federal Rules of Civil Procedure, which provides, in pertinent part:

> If a party or party's attorney fails to obey a scheduling or pretrial order . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in rule 37(b)(2)(B), (C),(D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Rule 37(b)(2)(B), (C), and (D) further provides that the court may enter:

> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
> (D) in lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination . . . .

The Court finds Plaintiffs did, indeed, file their witness and exhibit lists late, in violation of the amended scheduling order. Further, although Plaintiffs' contention that they believed the time was extended is plausible, Plaintiffs could easily have requested an extension of time from the Court, but did not. The Court, therefore <u>may</u> sanction Plaintiffs as requested by Defendant, but in its discretion chooses not to do so.

"The Fourth Circuit has developed a four-part test for a district court to use when determining what sanctions to impose under rule 37." <u>Anderson v. Foundation for Advancement, Education and Employment of American Indians</u>, 155 F.3d 500 (4th Cir. 1998). Under <u>Anderson's</u>

2

test, this Court must determine:

> (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective.

Id. at 504. Those factors do not support Defendant's argument. Although the Court finds Plaintiffs did file their lists late, and could have requested an extension, there is simply no evidence of bad faith. There being no trial date set in this matter, the Court also finds the prejudice, if any, to Defendant is minimal. The Court additionally notes that it appears from the record of this case that most if not all the witnesses and exhibits contained in the untimely filing had already been disclosed. The Court does find a general need to deter noncompliance with its orders, but has already found Plaintiffs' explanation for its untimeliness plausible. Finally, to exclude all of Plaintiff's proffered witnesses and exhibits is tantamount to dismissal of their case, a very harsh penalty for what appears to be a relatively minor and harmless infraction.

Defendant cites Luma Corporation v. Stryker Corporation, 226 F.R.D. 536 (S.D.W.Va. 2005), in support of its motion. The Court does find Luma instructive, but not supportive of Defendant's motion. In Luma, the court determined that where a party violates 16(f), the court should apply the five factor test in Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592 (4th Cir. 2003).

In Southern States, the Fourth Circuit first noted that where, as here, the party violated a district court order, Rule 37(b), not 37(c) applied. The Court then stated:

> In contrast to Rule 37(c)(1) - which generally requires exclusion of evidence that a party seeks to offer but has failed to disclose . . . Rule 37(b) provides district courts with greater discretion in selecting one or more appropriate sanctions . . . .

> In Southern States, the Court determined the issue under 37(c)(1), whereas in the case at bar,

3

Defendants properly moved for sanctions under 37(b). Even under the five-part Southern States test, however, this Court would come to the same conclusion. That test considers:

(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." Even Defendant admits the "fifth factor" is the one with which it takes issue. The Court finds factors one through four very much militate <u>against</u> excluding all of plaintiffs' witnesses and exhibits. Therefore, even though the Court finds Plaintiff's "explanation for its failure to disclose the evidence [timely]" is not very persuasive, on balance the test simply does not support Defendant's position that the evidence should be excluded.

Defendant additionally argues that Plaintiffs "have failed and/or refused to provide any information with regard to the 'knowledge' possessed by each prospective witness." (Defendant's brief at 3). Rule 26(a)(1)(A) requires:

> [T]he name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, <u>identifying the subjects of the information</u>.

(Emphasis added)

Rule 26(a)(3)(A) requires:

> [T]he name and, if not previously provided, the address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises . . . .

It appears to the Court that Plaintiffs have not "identif[ied] the subjects of the information" possessed by each of their witnesses. The Court also notes, however, there does not appear to have been any objection to Plaintiffs' Initial Disclosures and no Motion to Compel regarding the

4

information that Defendant claims was also omitted from Plaintiffs' responses to discovery. The Court will therefore not sanction Plaintiffs for this omission.

Plaintiffs shall, however, amend their witness list within ten (14) days of entry of this Order, separately identifying those witnesses whom [they] expect[] to present and those whom [they] may call if the need arises." Plaintiff shall also identify the actual individuals they propose to present as witnesses at trial, in place of the generalizations "Medical Personnel at Winchester Pulmonary and Internal Medicine Associates" and "Personnel of Grant County Board of Education." If Plaintiffs are unable to identify these witnesses with particularity, they shall so state along with an explanation for their failure to do so. Plaintiffs shall also generally "identify[] the subjects of the information" each witness possesses. The Court shall not, as Plaintiffs suggest, extend discovery in this matter.

With respect to Plaintiffs' Exhibits list, Defendants argue the list:

> contained a mere categorization of documents that the plaintiff may use during the course of the trial in this case. Specifically, the plaintiffs' [sic] identified any and all documents produced in discovery, any and all material data safety sheets, etc. *See Plaintiffs' Exhibit List*. This identification of documents by category is inconsistent with the premise behind rules 16 and 26 of the Federal Rules of Civil Procedure and should not be permitted. Without properly identifying the specific documents that the plaintiffs will utilize as exhibits during the course of the trial in this case, even with categories identified, Jefferson will be forced to engage in guess work as to the plaintiffs' specific trial exhibits. In addition Jefferson's ability for [sic] formulate specific objections to exhibits will be limited in that Jefferson will be able to identify objections only by categories. Such pretrial failure on the part of the plaintiffs should not be permitted.

(Defendant's brief at 4).

Rule 26(a)(1)(B) requires:

> a copy of, or a description by category and location of, all documents . . . that are in the possession, custody or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

Rule 26(a)(3)(C) requires:

5

> an appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those with the party may offer if the need arises.

Plaintiffs have represented to the Court that they "will number, copy and insert in notebooks all exhibits which are expected to be introduced at trial." The Court accepts Plaintiffs' offer, which would appear to resolve this issue without further action. Plaintiffs shall separate or otherwise separately identify those documents it expects to offer from those they may offer if the need arises. Plaintiffs shall serve on Defendant and file with the Court said notebooks within 20 calendar days of entry of this Order.

The Court further finds this Order also resolves, in large part, "Defendant's Objections to Plaintiffs' Witnesses and Exhibits" [Docket Entry 174]. Specifically, Defendant's objections to witnesses based on untimely filing pursuant to Rule 16(f); failure to fully respond to discovery; and failure to specifically identify individuals within a group; and Defendant's objections to exhibits based solely on insufficient identification of each exhibit are **OVERRULED**.

It appears to the Court that the remaining objections to witnesses are based on the possibility of their being called to offer opinion testimony without having been disclosed as expert witnesses, or of their having been disclosed as experts, but being inadmissible pursuant to Daubert and Rule 702 of the Federal Rules of Evidence. In order to more efficiently resolve these issues regarding the opinion and expert evidence, the Court finds the remainder of Defendant's Objections premature, and **OVERRULES** the Objections without prejudice.

The parties shall file any objections to or motions regarding opinion and expert evidence (including Daubert motions), with memoranda in support, on or before September 19, 2006. Responses to any such Motions shall be filed on or before October 10, 2006. Replies, if any, shall

be filed on or before October 24, 2006.

Additionally, within 14 days of service of Plaintiffs' notebook(s) containing copies of its exhibits, Defendant shall file any remaining Objections to said exhibits.

For docketing purposes, Defendant's "Motion to Exclude Plaintiffs' Witnesses and Exhibits" [Docket Entry 172] is **DENIED** and Defendant's Objections to Plaintiffs' Witnesses and Exhibits [Docket entry 174] are **Overruled without prejudice**.

It is so **ORDERED**.

The Clerk of the Court is directed to send a copy of this Order to counsel of record.

DATED: August 25, 2006.

/s *John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE