IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LINDA L. KITZMILLER and
RICHARD C. KITZMILLER,

        Plaintiffs,

    v.                                                         Civil Action No. 2:05 CV 22
                                                                         (Maxwell)
JEFFERSON SUPPLY COMPANY,

        Defendant.

## ORDER

By Order entered on September 19, 2005, the Court referred the above-styled matter to Magistrate Judge John. S. Kaull for pretrial development. On June 22, 2006, Defendant Jefferson Supply Company filed a Motion for Summary Judgment. On September 19, 2006, Plaintiffs filed a Motion to Exclude Testimony of Samuel Spagnolo, M.D., and a Motion to Exclude Testimony of Michael J. Wernke. Also on September 19, 2006, Defendant filed Jefferson Supply Company's Daubert Motion to Exclude the Testimony of Dr. Richard Catlett on the Issues of Causation; Jefferson Supply Company's Daubert Motion to Exclude the Testimony of Dr. Dominic Gaziano; Jefferson Supply Company's Daubert Motion to Exclude the Testimony of Stephen E. Petty, P.E.., C.I.H.; and Jefferson Supply Company's Daubert Motion to Exclude Opinion Testimony of Dr. Allen Kunkel on Issue of Causation.

Magistrate Judge Kaull conducted hearings on the aforementioned pending Motions over the course of three days: October 30, 2006, November 29, 2006, and December 14, 2006. Magistrate Judge Kaull filed his Report and Recommendation on

February 15, 2007, in which he recommends to the Court that Defendant's Motion for Summary Judgment be denied, that Defendant's Daubert Motion To Exclude the Testimony of Dr. Dominick Gaziano be granted, that Defendant's Daubert Motion to Exclude the Testimony of Dr. Allan Kunkle be granted, and that the remaining Daubert motions be denied. Magistrate Judge Kaull's Report and Recommendation further directed the parties, in accordance with 28 U.S.C. § 636(b)(1), to file with the Clerk of Court any written objections within ten (10) days after being served with a copy of the Report and Recommendation. On March 2, 2007, Jefferson Supply Company's Objections to Report and Recommendation/Opinion Regarding Summary Judgment and Jefferson Supply Company's Objections to Report and Recommendations/Opinion Regarding Daubert were filed. Plaintiffs' Responses to Jefferson Supply Company's Objections were filed on March 16, 2007, and on March 27, 2007, Jefferson Supply Company filed Replies.

Upon examination of the report from the Magistrate Judge, Defendant Jefferson Supply Company's Objections, and the Responses and Replies filed thereto, it appears to the Court that all matters were thoroughly considered by Magistrate Judge Kaull in his Report and Recommendation. Specifically, the Defendant has objected to the Magistrate Judge's findings with regard to its Daubert Motion to Exclude the Testimony of Dr. Richard Catlett on Issues of Causation and with regard to its Motion for Summary Judgment. Turning first to Defendant's objections regarding Daubert, the Court notes that the Defendant has objected on the grounds that Plaintiff did not file those disclosures set forth in Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure for Dr. Catlett; that he shouldn't be permitted to offer opinions as to general causation on the

theory that his opinions are unreliable and fail to satisfy Daubert; and that he shouldn't be permitted to offer an opinion on specific causation on the theory that his opinion is unreliable and fails to satisfy Daubert. The Court has carefully reviewed the entire record before the Court with regard to this matter. Upon de novo review, the Court finds that the Magistrate Judge has carefully considered those issues raised by Defendant in its Objections to Report and Recommendations/Opinion Regarding Daubert, and has thoroughly addressed them in the Report and Recommendation. The Court agrees with the Magistrate Judge's finding that the Defendant has not shown that Dr. Catlett's differential diagnosis approach to his causation opinions is unreliable such that the proffered opinions should be ruled inadmissible. The Court further agrees with the Magistrate Judge's finding that Dr. Catlett is a treating physician and accordingly, not subject to those disclosures required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. Accordingly, Jefferson Supply Company's Objections to Report and Recommendations/Opinion Regarding Daubert are overruled.

Turning next to Defendant's objections to the Report and Recommendation with regard to the Motion for Summary Judgment, the Defendant argues that there is undisputed evidence establishing that it did not assume the employer's hazard communication training obligations, and that Plaintiff has failed to establish causation. The Court has carefully reviewed the entire record before the Court with regard to Defendant's Motion for Summary Judgment. Upon de novo review, the Court finds that the Magistrate Judge has carefully considered those issues raised by Defendant in its Objections to Report and Recommendations/Opinion Regarding Summary Judgment, and has thoroughly addressed them in the Report and Recommendation. Specifically,

3

the Court agrees, upon review, with the Magistrate Judge's finding that there are significant factual issues with regard to what training duties were delegated to Defendant, what duties Defendant assumed, and whether Defendant provided such training as contemplated by the parties agreement. The Court further agrees, after careful review, and in light of the Court's aforementioned rulings adopting Magistrate Judge Kaull's findings on the Daubert motions, that there is an issue of material fact as to general and specific causation. Accordingly, the Court finds that there exists in this matter issues of material fact such as to preclude summary judgment. Jefferson Supply Company's Objections to Report and Recommendation/Opinion Regarding Summary Judgment are hereby overruled.

Based on all the aforementioned findings, the Court, upon an independent <u>de novo</u> consideration of all matters now before it, is of the opinion that the proposed Report and Recommendation accurately reflects the law applicable to the facts and circumstances before the Court in this action. Moreover, Defendant Jefferson Supply Company's objections have not raised any issues that were not thoroughly considered and addressed by the Magistrate Judge in his Report and Recommendation. Accordingly, it is

**ORDERED** that Magistrate Judge Kaull's Report and Recommendation be, and the same hereby is, accepted in whole and adopted herein. In accordance with the recommendations of Magistrate Judge Kaull, it is further

**ORDERED** that Defendant's Daubert Motion to Exclude the Testimony of Stephen E. Petty, P.E., C.I.H. (Docket Entry 206) be, and the same hereby is **DENIED**.

It is further

**ORDERED** that Plaintiff's Daubert Motion to Exclude the Testimony of Michael J. Wernke (Docket Entry 211) be, and the same hereby is, **DENIED**. It is further

**ORDERED** that Defendant's Daubert Motion to Excluded the Testimony of Dr. Richard Catlett on the Issues of Causation (Docket Entry 204) be, and the same hereby is, **DENIED**. It is further

**ORDERED** that Plaintiff's Daubert Motion to Exclude the Testimony of Dr. Samuel Vincent Spagnola (Docket Entry 202) be, and the same hereby is, **DENIED**. It is further

**ORDERED** that Defendant's Daubert Motion to Exclude the Testimony of Dr. Dominick Gaziano (Docket Entry 205) be, and the same hereby is, **GRANTED**. It is further

**ORDERED** that Defendant's Daubert Motion to Exclude Opinion Testimony of Dr. Allan Kunkle on Issue of Causation (Docket Entry 207) be, and the same hereby is, **GRANTED**. It is further

**ORDERED** that Defendant Jefferson Supply Company's Motion for Summary Judgment be, and the same hereby is, **DENIED**.

The Clerk is hereby directed to transmit copies of this Order to all counsel of record.

**ENTER:** April  2nd , 2007

                                             **/s/ Robert E. Maxwell**
                                                 United States District Judge